UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERICKSON OCASIO,                                              19-cv-8852

                                   Plaintiff,                         <u>COMPLAINT</u>

     -against-                                                   JURY TRIAL DEMANDED

THE CHILDREN'S AID SOCIETY,

                                 Defendant.
------------------------------------------------------------------------X

Plaintiff, by his attorneys, Jaroslawicz & Jaros PLLC, complaining of Defendant, upon information and belief, alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, Plaintiff is a citizen of the State of Illinois, Cook County.

2. At all times hereinafter mentioned, Defendant The Children's Aid Society ("CAS") is a not-for-profit corporation, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business located in the County of New York at 711 Third Avenue, New York, New York.

3. At all times hereinafter mentioned, CAS owns a camp known as Wagon Road Camp, located at 431 Quaker Road, Chappaqua, New York 10514 ("Wagon Road Camp").

4. At all times hereinafter mentioned, CAS operates Wagon Road Camp.

5. At all times hereinafter mentioned, CAS controls Wagon Road Camp.

6. At all times hereinafter mentioned, CAS manages Wagon Road Camp.

7. At all times hereinafter mentioned, a man with the first name Charles, who was known by the nickname "Chip" and is referred to herein as John Doe, was an agent, servant and/or employee of CAS.

8. At all times hereinafter mentioned, John Doe was a camp counselor or otherwise worked at Wagon Road Camp.

9. At all times hereinafter mentioned, John Doe worked at Wagon Road Camp as an agent, servant and/or employee of CAS.

## JURISDICTION AND VENUE

10. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11. This Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

12. Venue is properly placed in the United States District Court for the Southern District of New York since Defendant has its principal place of business there, and it is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

13. Plaintiff, who is currently fifty-two (52) years old, attended Wagon Road Camp, which, at all times hereinafter mentioned, was a sleepaway camp, from the third week of July through the first week of August of 1978, at which time he was eleven (11) years old.

14. The children attending Wagon Road Camp, including, but not limited to, Plaintiff, were assigned to and slept in cabins that were supposed to be monitored, supervised and watched over by camp counselors and/or other employees of CAS.

15. There were two male counselors assigned to monitor, supervise and watch over the campers in the cabin to which Plaintiff was assigned and in which Plaintiff slept while he was at Wagon Road Camp.

16. John Doe was a camp counselor or otherwise worked at Wagon Road Camp as an agent, servant and/or employee of CAS during the summer of 1978, including the time period during which Plaintiff attended Wagon Road Camp.

17. John Doe was assigned to monitor, supervise and watch over special needs and handicapped campers in a different cabin than the one to which Plaintiff was assigned and in which Plaintiff slept (the "special needs cabin").

18. John Doe had and/or had access to a private room with a bed that was located in the back of the special needs cabin, which had a door that could be closed to separate it from the main room of the cabin in which the campers slept.

19. John Doe first approached Plaintiff in a bathroom at Wagon Road Camp, at which time John Doe forcibly kissed Plaintiff on the mouth without the consent and against the will of Plaintiff.

20. During the days that followed, John Doe sexually abused and molested Plaintiff on at least four other occasions and, on each of those occasions, Plaintiff was supposed to be and remain under the care and/or supervision of other camp counselors.

21. Nevertheless, on three of those occasions, John Doe removed Plaintiff from the care and/or supervision of those counselors by telling them, without providing any explanation or reason, that he needed to see Plaintiff in private.

22. On each of those three occasions, John Doe took Plaintiff to the private room in the back of the special needs cabin and closed the door to the room so that he could sexually abuse and molest Plaintiff.

23. John Doe sexually abused and molested Plaintiff by, among other things, kissing Plaintiff, removing Plaintiff's and his own clothes, touching Plaintiff's genitals, forcing Plaintiff to touch his genitals, and engaging in oral sex with Plaintiff.

24. On a fourth occassion, John Doe went to the cabin to which Plaintiff was assigned after all of the campers were supposed to be and remain in their cabins for the night and removed Plaintiff from the care and supervision of the counselors in charge of that cabin.

25. The counselors that were supposed to be caring for, monitoring and supervising Plaintiff improperly permitted John Doe to remove Plaintiff from their care and supervision, despite the fact that all campers were supposed to be and remained confined to their cabins for the night.

26. John Doe then took Plaintiff to an area near a parking lot and again sexually abused and molested Plaintiff by, among other things, kissing and touching Plaintiff, removing the pants Plaintiff was wearing, engaging in oral sex with Plaintiff, and attempting to engage in anal sex with Plaintiff.

27. While John Doe was sexually abusing and molesting Plaintiff, a female camp counselor walked past John Doe and Plaintiff, observed that John Doe was sexually abusing and molesting Plaintiff and, instead of intervening or otherwise coming to the aid of Plaintiff, continued walking and permitted the sexual abuse to continue.

28. Plaintiff had never previously had sex or otherwise been intimate with a man.

29. At all times relevant herein, Plaintiff was a vulnerable minor.

30. At all times relevant herein, Plaintiff attempted to avoid John Doe.

31. Plaintiff moved out of New York.

32. John Doe's conduct was in violation of the laws of the State of New York.

33. John Doe used his position of authority and trust over Plaintiff to sexually abuse, harass and molest Plaintiff.

34. CSA knew or reasonably should have known about the inappropriate and unlawful sexual activities of John Doe.

35. John Doe was employed by CSA and was under the direct supervision, employ and/or control of CSA when he committed the wrongful acts alleged herein.

36. John Doe engaged in the wrongful acts while acting in the course and scope of his employment with CSA and/or accomplished the sexual abuse by virtue of his job-created authority.

37. CSA knowingly condoned and/or covered up the inappropriate and unlawful sexual activities of John Doe.

38. This action is brought pursuant to the Children Victims Act ("CVA") (L. 2019 c. 11). *See* Criminal Procedure Law 30.10; New York Civil Practice Law and Rules §§ 208(b); 214-g.

39. The conduct alleged herein constitutes childhood sexual abuse or exploitation, as that phrase is defined in the CVA in that such conduct would have been proscribed by article one hundred thirty (130) of the penal law of the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

40. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

41. Defendant owed Plaintiff a duty of reasonable care to protect him from injury, including, but not limited to, sexual abuse and molestation. Defendant also owed Plaintiff a duty of care, because Defendant had a special relationship with Plaintiff.

42.    Defendant had a duty to screen, perform background checks of, train, monitor and supervise its employees, which arose from the special relationship that existed with Plaintiff, his parents and other parents of young, innocent and vulnerable children who attended Wagon Road Camp.  As a result of this high degree of vulnerability and risk of sexual abuse inherent in such a special relationship, Defendant had a duty to establish measures of protection not necessary for persons who are older and better able to safeguard themselves.

43.    Defendant owed Plaintiff a duty of reasonable care because it solicited youth and parents for participation in their summer camp; encouraged youth and parents to have the youth participate in their summer camp; undertook custody and control of minor children, including Plaintiff; promoted their summer camp as being safe for children; held their agents, servants and employees, including John Doe, out as safe to work with children; encouraged parents and children to spend time with their agents, servants and employees, including John Doe; and encouraged their agents, servants and employees, including John Doe, to spend time with, interact with and recruit children.

44.    By accepting custody of the minor Plaintiff, Defendant established an *in loco parentis* relationship with Plaintiff and, in doing so, owed Plaintiff a duty to protect him from injury, including sexual abuse and molestation.  Further, Defendant entered into a fiduciary relationship with Plaintiff by undertaking the custody, supervision of, and/or care of the minor Plaintiff.  As a result of Plaintiff being a minor, and Defendant undertaking the care, guidance and supervision of Plaintiff, Defendant also held a position of empowerment over Plaintiff.  By holding itself out as being able to provide a safe environment for children, Defendant solicited and/or accepted this position of empowerment.  Defendant, through its agents, servants and/or

employees, including John Doe, exploited this power over Plaintiff and, thereby, put the minor Plaintiff at risk for sexual abuse.

45. By establishing and/or operating Wagon Road Camp, accepting the minor Plaintiff as a camper at Wagon Road Camp, holding its camp out to be a safe environment for Plaintiff, accepting custody of the minor Plaintiff *in loco parentis*, and establishing a fiduciary relationship with Plaintiff, Defendant entered into an express and/or implied duty to properly supervise Plaintiff and provide a reasonably safe environment for Plaintiff and other children who participated in its summer camp program. Defendant owed Plaintiff a duty to properly supervise Plaintiff to prevent harm from foreseeable dangers. Defendant had the duty to exercise the same degree of care over young parishioners under their control as a reasonably prudent person would have exercised under similar circumstances.

46. Defendant also owed Plaintiff a duty to protect him from harm because Defendant invited Plaintiff onto its property and John Doe posed a danger to those on Defendant's property, including, but not limited to, Plaintiff.

47. Defendant had a duty, arising from its employment of John Doe, to ensure that he did not sexually molest children. Defendant also had a duty to educate and train its agents, servants and employees, and establish adequate and effective policies and procedures calculated, to address, detect, and prevent abusive, inappropriate and sexual behavior and conduct between employees and children.

48. Defendant negligently retained John Doe with knowledge of his propensity for the type of behavior that resulted in Plaintiff's injuries in this action. Defendant failed to investigate John Doe's past and/or current history of sexual abuse and, through the exercise of reasonable

diligence, should have known of John Doe's propensity for child sexual abuse and molestation. Defendant should have made an appropriate investigation of John Doe and failed to do so.

49. An appropriate investigation would have revealed the unsuitability of John Doe for continued employment and it was unreasonable for Defendant to retain John Doe in light of the information it knew or should have known. Defendant negligently retained John Doe in a position where he had access to children and could foreseeably cause harm to children, including Plaintiff, to which they would not have been subjected had Defendant taken reasonable care.

50. By failing to remove John Doe from working with children or terminating his employment, Defendant failed to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances, as a direct result of which Plaintiff was caused to suffer the severe and permanent personal injuries alleged herein.

51. Prior to the sexual abuse of Plaintiff, Defendant learned or should have learned that John Doe was not fit to work with children. Defendant, through its agents, servants and/or employees, became aware, or should have become aware of John Doe's propensity to commit sexual abuse and of the risk to Plaintiff's safety. At the very least, Defendant knew or should have known that they did not have sufficient information about whether John Doe and its other agents, servants and employees were safe and fit to work with children.

52. Defendant knew or should have known that it had numerous agents, servants and/or employees who had sexually molested children, that child molesters have a high rate of recidivism, and that there was a specific danger of child sexual abuse for children, including Plaintiff, participating in its youth programs, including Wagon Road Camp.

53. Despite this knowledge, Defendant negligently deemed that John Doe was fit to work with and be around children, that any previous suitability problems John Doe had were

fixed and cured, that John Doe would not sexually abuse and molest children, and/or that John Doe would not injure children.

54. Defendant's actions created a foreseeable risk of harm to Plaintiff. As a vulnerable child participating in the programs and activities Defendant offered to minors, Plaintiff was a foreseeable victim. Additionally, as a vulnerable child who John Doe had access to through Defendant's facilities and programs, including Wagon Road Camp, Plaintiff was a foreseeable victim.

55. Defendant, by its agents, servants and/or employees, was reckless, careless and negligent in failing to monitor John Doe's conduct despite the risk that he posed to Plaintiff and other young persons that he was permitted to come into contact with; in failing to protect Plaintiff and other children from child sexual abuse; in failing to have a standard for the care of children; in failing to investigate John Doe's conduct; in failing to train their employees to identify the signs of child molestation by other employees; in failing to have proper safety policies and procedures to prevent child sexual abuse; in failing to identify the risk of child sexual abuse; in failing to properly train employees at the camp to recognize that child sexual abuse could be attempted in certain situations and how to prevent it; in failing to retain mental health professionals to identify child sexual abuse; in failing to warn Plaintiff of John Doe; in failing to report sexual abuse; in violating applicable laws, rules and regulations, including, but not limited to, New York State Social Law §§ 413 and 420, as well as article one hundred thirty (130) of the penal law of the State of New York; in failing to properly screen counselors and employees, including John Doe; in breaching their duty to protect Plaintiff from sexual deviancy; in allow, permitting and/or creating the opportunity for Plaintiff to be sexually abused and taken advantage of by John Doe; in wrongfully hiring John Doe; in failing to prevent John Doe's

inappropriate relationship with campers or children with whom he came into contact; in giving and leaving John Doe in a position to molest children and continue molesting them; in permitting John Doe to abuse children entrusted to the care of Defendant; were acting *in loco parentis* with a child placed in their care; in failing to properly monitor campers; in allowing and permitting employees to have campers and other children in their private bedrooms, including, but not limited to, after all campers and children are supposed to be and remain in their respective beds and cabins; in intentionally inflicting emotional distress and harm, as well as mental anguish and distress, upon Plaintiff; in failing to use ordinary care in determining whether its facility was safe and/or had sufficient information to represent its facility as safe; in failing to protect Plaintiff from a known danger; in failing to have sufficient policies and procedures in place to prevent child sexual abuse and molestation; in failing to properly implement policies and procedures to prevent child sexual abuse and molestation; in failing to take reasonable measures to ensure that policies and procedures to prevent child sexual abuse and molestation were working; in failing to adequately inform families and children of the risks of child sexual abuse and molestation; in failing to investigate risks of child sexual abuse and molestation; in failing to properly train its agents, servants and employees; in failing to train its agents, servants and employees to be aware of, detect and investigate indications and signs of child sexual abuse and molestation; in failing to have an outside agency test its safety procedures; in failing to protect Plaintiff from sexual abuse and molestation; in failing to adhere to the applicable standard of care for child safety; in failing to investigate the amount and type of information necessary to represent the institutions, programs, leaders and people safe; in failing to train its employees to properly identify signs of child sexual abuse and molestation by fellow employees; in failing to rely on mental health professionals; in failing to warn Plaintiff and his family of the risk that John Doe posed and the

risks of child sexual abuse and molestation; in failing to warn Plaintiff and his family about its knowledge of child sexual abuse and molestation at Wagon Road Camp and/or by John Doe; in failing to report known and/or suspected abuse of children by John Doe and/or other agents, servants and/or employees of Defendant to the police or law enforcement; in training, supervising and instructing its employees; in failing to timely and properly educate, train, supervise, and/or monitor its agents, servants and employees with respect to policies and procedures that should be followed when sexual abuse of a child is suspected or observed; in failing to supervise, monitor, chaperone and/or investigate John Doe; in failing to create, institute and/or enforce rules, policies, procedures and/or regulations to prevent John Doe's sexual abuse and molestation of Plaintiff; in failing to properly supervise John Doe; in failing to establish training procedures for agents, servants and employees; in failing to exercise the degree of care that a reasonably prudent person would have exercised under similar circumstances; and Defendant was otherwise reckless, careless and negligent.

56. As a result of the foregoing, Plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, great pain of mind and body; severe and permanent emotional distress; physical manifestations of emotional distress; problems sleeping and concentrating; low self-confidence and self-respect; feelings of worthlessness; feeling shameful and embarrassed; feeling alone and isolated; losing faith in authority figures; severe mental anguish and distress; emotional distress; strained familial and intimate relationships; depression; feeling helpless and hopeless; difficulty with sexual intimacy and relationships; trust issues; feeling confused and angry; anxiety; feeling dirty, used and damaged; suicidal ideations; having traumatic flashbacks; post-traumatic stress disorder; feeling that his childhood and innocence were stolen; and feeling that his life was ruined.

57. By reason of the foregoing, Plaintiff is entitled to recover all of his damages, including punitive damages, from Defendant.

## AS AND FOR A SECOND CAUSE OF ACTION

58. Plaintiff repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

59. By acting as aforesaid, Defendant intentionally inflicted emotional harm upon Plaintiff.

60. As a result of Defendant's conduct, Plaintiff was caused to suffer and permanent personal injuries, including, but not limited to, the injuries set forth above.

61. By reason of the foregoing, Plaintiff is entitled to recover all of his damages, including punitive damages, from Defendant.

WHEREFORE, Plaintiff demands judgment against the defendant to recover for all of his damages, together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS PLLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz
