**COHEN & GRESSER LLP**

800 Third Avenue
New York, NY 10022
+1 212 957 7600 phone
www.cohengresser.com

Stephen M. Sinaiko
(212) 957-9756
ssinaiko@cohengresser.com

January 10, 2020

<u>By CM/ECF Posting</u>

The Honorable Jesse M. Furman
United States District Court
  for the Southern District of New York
40 Centre Street, Room 2202
New York, New York  10007

Re: <u>*Erickson Ocasio v. The Children's Aid Society*,<br>Case No. 19 Civ. 8852 (JMF) (GWG)</u>

Dear Judge Furman:

      We write on behalf of defendant The Children's Aid Society ("CAS"), in opposition to plaintiff Erickson Ocasio's letter motion ("Ltr.") seeking expedited discovery. (Dkt. No. 23). Mr. Ocasio does not dispute that, as we pointed out in correspondence attached to the letter motion, he is not currently entitled to discovery. (Ltr. Exh. A at 1). That is because no initial meeting between the parties has yet occurred. *See* Fed. R. Civ. P. 26(d)(1). Mr. Ocasio neither acknowledges nor satisfies the "good cause" standard that governs requests for relief from the moratorium on discovery under Rule 26(d)(1). And as CAS has shown in its pending motion to dismiss, Mr. Ocasio's complaint is fatally flawed in critical respects. Accordingly, the Court should deny Mr. Ocasio's motion and allow this action to proceed in the normal course.

Background

      In this case, Mr. Ocasio alleges that during a three-week period in July and August of 1978 while he attended Wagon Road Camp, a sleep-away camp operated by CAS, he was the victim of sexual abuse at the hands of a counselor who the complaint identifies only as "Charles," "Chip" or "John Doe." (Dkt. No. 1 ¶¶ 7-27). More than 41 years later, Mr. Ocasio asserts claims against CAS based on the alleged abuse, pursuant to New York's recently-enacted Child Victims Act (the "CVA"). (*Id.* ¶¶ 38-39). Mr. Ocasio does *not* claim -- nor, as a matter of law, could he -- that CAS is vicariously liable for Doe's alleged abuse. Rather, Mr. Ocasio claims that CAS negligently failed to prevent the alleged abuse and intentionally inflicted emotional distress on him. (*Id.* ¶¶ 40-61).

      On December 20, 2019, pursuant to the parties' scheduling agreement that Your Honor approved, CAS filed a motion to dismiss Mr. Ocasio's complaint for failure to state a cause of action (the "Motion"). (Dkt. Nos. 14, 15, 19, 20). As the Motion

demonstrates, Mr. Ocasio's negligence claim cannot proceed because his complaint does not sufficiently plead, as long-settled New York law requires, that CAS had notice, prior to the alleged abuse, of any proclivity of Doe to engage in such conduct. (Dkt. No. 20 at 6-13). The Motion further demonstrates that Mr. Ocasio's emotional distress claim fails in the absence of any sufficient allegation of intentional conduct by CAS, and because it duplicates his negligence claim. (*Id*. at 14-17).

Subsequently, CAS consented to Mr. Ocasio's request for extension of the briefing deadlines as to the Motion, and Mr. Ocasio sought the Court's approval of an agreed schedule under which opposition and reply papers would be due on January 17, 2020 and January 31, 2020, respectively. (Dkt. No. 21). In response, by order dated December 26, 2019, the Court directed, among other things, that if Mr. Ocasio wishes to amend his complaint to address the issues that CAS raised in the Motion, he must do so by January 17, 2020. (Dkt. No. 22). The Court's order further directed that, if Mr. Ocasio files no amended complaint, briefing as to the Motion will proceed in accordance with the parties' agreement. (*Id*.). Finally, the Court adjourned *sine die* the previously-scheduled initial pretrial conference. (*Id*.).

On January 2, 2020, we received an e-mail from Mr. Ocasio's counsel asking that CAS provide "the identity and last known address and/or contact information for [Doe] and/or any of the other individuals referenced in the Complaint," or "state in writing" that CAS "does not have that information." (Ltr. Exh. A at 1-2). Contrary to counsel's assertion, we did not "respond[] by email refusing to provide the identity of [Doe]." (Ltr. at 2). Rather -- consistent with our position during a November 2019 telephone call among counsel -- we responded that CAS will "provide discovery when and to the extent required by the Court and under the Federal Rules of Civil Procedure," and that "[b]ecause Plaintiff is not currently entitled to discovery, we decline[d] to respond to [his] inquiries at this juncture." (Ltr. Exh. A at 1). Mr. Ocasio's current motion followed.

Argument

There is no dispute that, because the parties have not yet conducted their initial meeting -- indeed, Mr. Ocasio has never sought to schedule that meeting -- the moratorium on all discovery under Fed. R. Civ. P. 26(d)(1) remains in effect. Courts allow discovery to proceed in the face of that moratorium only upon a showing of "good cause." *See, e.g., Sahu v. Union Carbide Corp.*, 2014 WL 3765556, at *10 (S.D.N.Y. July 30, 2014) (denying relief from discovery moratorium absent showing of good cause); *Mitra v. State Bank of India*, 2005 WL 2143144, at *7 (S.D.N.Y. Sept. 6, 2005) (same). Here, Mr. Ocasio claims to need immediate discovery concerning "the identity of [Doe] and any other parties, including but not limited to the other camp counselors present or supervising during the events set forth in the Complaint" so that he can "bring a claim directly against [Doe] and potentially other parties." (Ltr. at 2). But Mr. Ocasio seeks money damages for alleged personal injuries, rather than equitable relief to remedy

The Honorable Jesse M. Furman
January 10, 2020
Page 3

imminent and irreparable harm.  Moreover, he does not claim that any of the information he seeks would be lost if discovery proceeds in the normal course.  The two arguments Mr. Ocasio offers do not show "good cause," or *any* cause, to depart from Rule 26(d)(1).

*First*, Mr. Ocasio suggests that immediate discovery is necessary "to prevent a failure or delay of justice, and substantial prejudice to [him]" because of "the limited time [he] has to bring a claim" against additional defendants.  (Ltr. at 2).  But Mr. Ocasio ignores the fact that the window for assertion of claims under the CVA does not close until August 13, 2020 -- over *seven months* from now.  Further, he does not even try to explain why a departure from ordinary rules regulating discovery is necessary to ensure that he has the information he claims to need within that time frame.  The CVA creates no good cause for relief from the discovery moratorium under Rule 26(d)(1).

*Second*, Mr. Ocasio asserts that "the Court has directed [him] to file an Amended Complaint no later than January 17, 2020" and that expedited discovery "*may* enable Plaintiff to file an Amended Complaint including all the necessary parties and avoiding unnecessary motions and amendments at a later date."  (Ltr. at 2) (emphasis added).  But the Court's December 26 order only bars Mr. Ocasio from filing after January 17 any amended complaint intended to address the pleading defects CAS pointed out in the Motion.  It does not preclude amendments after January 17 to name additional defendants.  Because Mr. Ocasio says he needs discovery *only* to identify new defendants, he needs no exception to Rule 26(d)(1) in order to comply with the December 26 order.  Again, Mr. Ocasio has failed to show the necessary good cause.

Mr. Ocasio has shown no cause for relief from the Rule 26(d)(1) discovery moratorium.  Moreover, given the strength of CAS's motion to dismiss, burdening CAS -- a charitable organization -- with expedited discovery concerning events that allegedly occurred decades ago would be particularly inappropriate.  *See Spencer Trask Software & Inf. Servs., LLC v. RPost Int'l, Inc.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery pending resolution of motion to dismiss where defendants "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted"); *see also Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (same).  We respectfully submit that the Court should deny Mr. Ocasio's motion.

Thank you for your consideration.

Respectfully submitted,

Stephen M. Sinaiko

cc:  All Counsel (by CM/ECF posting)